**Slip Op.** 12-38

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HEVEAFIL SDN. BHD., FILMAX SDN. BHD AND HEVEAFIL USA INC., <br><br>                                  Plaintiffs, <br><br>                v. <br><br> UNITED STATES, <br><br>                                  Defendant. | Before Richard W. Goldberg, Senior Judge <br> Court No. 04-00477 |

## OPINION & ORDER

[Plaintiff's Motion for Judgment on the Agency Record is granted and the final results of the changed circumstances review are remanded.]

Dated: March 21, 2012

*Walter J. Spak* and *Jay C. Campbell*, *White & Case LLP*, for the Plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director; and *Stephen C. Tosini*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for the Defendant.

   Goldberg, Senior Judge: Plaintiffs Heveafil Sdn. Bhd., Filmax Sdn. Bhd., and Heveafil USA Inc. (collectively "Heveafil") contest the U.S. Department of Commerce's ("Commerce") final results in the changed circumstances review of the antidumping duty order on extruded rubber thread from Malaysia. *Extruded Rubber Thread from Malaysia: Final Results of Changed Circumstances Review of the Antidumping Duty Order and Intent To Revoke*

Court No. 04-00477                                                                                                          Page 2

*Antidumping Duty Order*, 69 Fed. Reg. 51,989 (Dep't Commerce Aug. 24, 2004) ("*Final Results*").

**Background**

In 1992, Commerce published an antidumping duty order for extruded rubber thread from Malaysia. *Extruded Rubber Thread from Malaysia: Antidumping Duty Order and Amendment of Final Determination of Sales at Less Than Fair Value*, 57 Fed. Reg. 46,150 (Dep't Commerce Oct. 7, 1992). Heveafil was subject to the order.

Commerce conducted an administrative review of the order for the period October 1, 1995 through September 30, 1996. *Extruded Rubber Thread from Malaysia: Final Results of Antidumping Duty Administrative Review*, 63 Fed. Reg. 12,752 (Dep't Commerce Mar. 16, 1998). Heveafil challenged the results of the 1995–1996 review. As a result, Commerce suspended liquidation of the entries covered by that review.[1]

In 2004, Heveafil requested a changed circumstances review. Heveafil contended that the sole United States manufacturer of domestic like product, North American Rubber Thread Co., Inc. ("NART"), had declared bankruptcy and ceased operations, warranting revocation of the order. Commerce initiated the requested changed circumstances review.

In the final results of the changed circumstances review, Commerce revoked the order effective October 1, 2003, the date of the last completed administrative review. At that time, the

---

[1] Liquidation of the 1995–1996 entries remains enjoined pursuant to 19 U.S.C. § 1516a(c)(2) in *Heveafil Sdn. Bhd. v. United States*, Ct. No. 98-04-00908, which is stayed pending the outcome of this appeal of the final results of the changed circumstances review.

trustee in bankruptcy for NART supported Commerce's revocation date of October 1, 2003. Commerce selected the 2003 date despite Heveafil's assertion that the order should be revoked retroactively to October 1, 1995. Heveafil argued for an October 1, 1995 revocation date so as to include any unliquidated entries covered by the order. Commerce asserted that its practice is to revoke antidumping duty orders so that the effective date of revocation covers unliquidated entries that have not been subject to a completed administrative review.

In 2005, NART and Heveafil reached a settlement agreement. Subsequently, NART requested a second changed circumstances review of the order, expressing its support for an October 1, 1995 revocation date. Commerce refused to initiate NART's request for a second changed circumstances review. NART appealed Commerce's refusal. The Federal Circuit determined that NART was judicially estopped from arguing in favor of a revocation date of October 1, 1995. *See Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States*, 593 F.3d 1346, 1353 (Fed. Cir. 2010). The Federal Circuit explained that NART previously argued against that date and that NART did not provide an adequate reason for its change in position that would justify Commerce changing the effective revocation date of the order. *Id.* The Federal Circuit noted that there was still an opportunity for this Court to review the revocation date. *Id.* at 1356. Specifically, the revocation date could be reviewed if Heveafil challenged Commerce's decision in the first changed circumstances review. *Id.*

Now, Heveafil has brought this appeal to challenge the revocation date Commerce selected in the first changed circumstances review.

## Jurisdiction and Standard of Review

This Court has jurisdiction pursuant to section 201 of the Customs Court Act of 1980, 28 U.S.C. § 1581(c) (2006).

This Court must "uphold Commerce's determination unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with law.'" *Micron Tech., Inc. v. United States*, 117 F.3d 1386, 1393 (Fed. Cir. 1997) (quoting 19 U.S.C. § 1516a(b)(1)(B)(i) (1994)). When reviewing agency determinations, findings, or conclusions for substantial evidence, this Court determines whether the agency action is reasonable in light of the entire record. *See Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1350–51 (Fed. Cir. 2006).

## Discussion

Heveafil challenges the revocation date Commerce selected for the antidumping duty order for extruded rubber thread from Malaysia. Heveafil urges this Court to remand the matter for reconsideration of the revocation date.

The antidumping law authorizes Commerce to revoke an antidumping order based on changed circumstances. *See* Tariff Act of 1930, § 753, 19 U.S.C. § 1675(b), (d) (2000).[2] Commerce conducts a changed circumstances review when it receives a request by an interested party that "shows changed circumstances sufficient to warrant a review" of an antidumping order. 19 U.S.C. § 1675(b)(1). Commerce's regulations further elaborate that Commerce may revoke an order if "[p]roducers accounting for substantially all of the production of the domestic

---

[2] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

Court No. 04-00477  Page 5

like product to which the order (or the part of the order to be revoked) . . . pertains have expressed a lack of interest in the order, in whole or in part . . . ." 19 C.F.R. § 351.222(g) (2006); s*ee also Or. Steel Mills Inc. v. United States*, 862 F.2d 1541, 1545 (Fed. Cir. 1988) (holding that lack of industry support alone is a ground for revocation).

Commerce claims that 19 U.S.C. § 1675 "does not envision the inclusion of entries subject to completed administrative reviews within the scope of a changed circumstances review because such entries must be liquidated in accordance with Commerce's final results or [a] final court decision in [an] appropriate challenge . . . " Def. Br. at 11. Commerce previously claimed that 19 U.S.C. § 1675(a) precludes the inclusion of unliquidated entries subject to a completed administrative review within the scope of a changed circumstances review. *See Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States*, 31 CIT 2040, 2043, 533 F. Supp. 2d 1290, 1294 (2007). Commerce insists that the antidumping rate determined in the final results of the 1995–1996 review must be assessed on the unliquidated entries from that review period.

However, as this Court previously noted, Commerce fails to account for § 1675(d)(3) in its analysis. *See id.* That portion of the statute provides that "[a] determination . . . to revoke an order . . . shall apply with respect to unliquidated entries of the subject merchandise which are entered, or withdrawn from warehouse, for consumption on or after the date determined by the administering authority." 19 U.S.C. § 1675(d)(3). This section clearly states that revocation shall apply to *unliquidated* entries. However, this section does *not* state that revocation shall *not* apply to unliquidated entries that were already subject to completed administrative reviews.

Rather, it gives the agency discretion to select the effective revocation date. Most notably, the statute does *not* limit Commerce's discretion to select a revocation date that predates a completed administrative review.

This Court previously rejected, and again rejects as unreasonable, Commerce's arguments that the principle of administrative finality prevails over any discretion the agency has in selecting an effective date of revocation or that the completion of an administrative review precludes the agency from retroactively revoking an order. Heveafil requested the changed circumstances review for Commerce to revoke the antidumping order because the domestic industry no longer existed. Commerce's assertion that the antidumping rate determined in the 1995–1996 review must be assessed on the unliquidated entries covered in that review contravenes the remedial purpose of the statute given the absence of a domestic industry. Therefore, Commerce's determination is unreasonable, not supported by substantial evidence, and not in accordance with law.

## Conclusion and Order

For the foregoing reasons, this matter is remanded for reconsideration of the revocation date, and such proceedings shall be consistent with the opinions of this Court and the Federal Circuit.

Upon consideration of all proceedings and submissions herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion for judgment on the agency record challenging the final results in the changed circumstances review of the antidumping duty order on extruded

rubber thread from Malaysia, *Extruded Rubber Thread from Malaysia: Final Results of Changed Circumstances Review of the Antidumping Duty Order and Intent To Revoke Antidumping Duty Order*, 69 Fed. Reg. 51,989 (Dep't Commerce Aug. 24, 2004) ("*Final Results*") be, and hereby is, GRANTED; it is further

**ORDERED** that the Final Determination be, and hereby is, remanded to the U.S. Department of Commerce for redetermination in accordance with this Opinion & Order; it is further

**ORDERED** that, on remand, Commerce shall issue a Remand redetermination that is supported by substantial evidence on the record, and is in all respects in accordance with law; and it is further

**ORDERED** that Commerce shall file the Remand redetermination with the court by August 21, 2012, that plaintiff shall file any comments thereon within thirty (30) days of the date on which the Remand Redetermination is filed, and that defendant shall file any response to plaintiff's comments within twenty (20) days of the date on which plaintiff files comments.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: March 21, 2012
New York, New York